UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

STUART MEISSNER, JONATHAN ZERON, JAMES E.
ALEMAN, JR. and STEVEN J. SILVESTRO and others
similarly situated.

**ANSWER TO THE AMENDED COMPLAINT**

23 Civ. 01907 (NRB)(VF)

Plaintiffs,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, THE NEW YORK CITY
POLICE DEPARTMENT LICENSE DIVISION,
KEECHANT L. SEWELL, POLICE COMMISSIONER
OF THE CITY OF NEW YORK, NICOLE BERKOVICH,
DIRECTOR OF THE NEW YORK CITY POLICE
DEPARTMENT LICENSE DIVISION

Defendants.

------------------------------------------------------------------- x

Defendants[1], by their attorney, Hon. Sylvia O. Hinds-Radix, Corporation Counsel

of the City of New York, for their Answer to the Amended Complaint, respectfully allege, upon

information and belief, as follows:

      1.    Deny the allegations set forth in paragraph "1" of the Amended

Complaint, and respectfully refer the Court to New York Penal Law § 400.00 et seq. for the

statutory framework for the licensing of firearms in New York State.

---

[1] Plaintiffs originally named then-NYPD Commissioner Keechant Sewell as a defendant in her official capacity as Commissioner of the New York City Police Department. Sewell is no longer NYPD Commissioner; Edward A. Caban was appointed by New York City Mayor Eric Adams to replace Sewell as Commissioner of the New York City Police Department on July 17, 2023. Pursuant to Federal Rule of Civil Procedure 25(d), the successor of a public officer is automatically substituted as a party when the originally named public officer "ceases to hold office while the action is pending."

2.      Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that a  license to carry a pistol or revolver is not valid within the City of New York unless a special permit granting validity is issued by the Commissioner of the New York City Police Department, and respectfully refer the Court to New York Penal Law § 400.00 et seq. for the statutory framework for the licensing of firearms in New York State.

3.      Deny the allegations set forth in paragraph "3" of the Amended Complaint, and respectfully refer the Court to New York Penal Law § 400.00 et seq. for the statutory framework for the licensing of firearms in New York State.

4.      Deny the allegations set forth in paragraph "4" of the Amended Complaint, and respectfully refer the Court to New York Penal Law § 400.00 et seq. for the statutory framework for the licensing of firearms in New York State.

5.      Deny the allegations set forth in paragraph "5" of the Amended Complaint, except admit the following:  (a) Plaintiff Stuart Meissner ("Meissner") submitted applications for a New York City Rifle and Shotgun Permit and a Premises Residence Handgun License to the New York City Police Department, License Division ("License Division"); (b) Plaintiff Jonathan Zeron ("Zeron") submitted applications for a Special Carry License to the License Division; and (c) on or about March 20, 2023, the License Division issued a Notice of Application Approval to Meissner for a Premises Residence Handgun License

6.      Deny the allegations set forth in paragraph "6" of the Amended Complaint, except admit that Plaintiffs purport to bring this action as stated therein.

7.      Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that Plaintiffs accurately quoted from a portion of New York Penal Law § 400.00(4-b), and refer the Court to New York Penal Law § 400.00(4-b) for its complete text.

2

8.      Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that Plaintiffs accurately quoted from a portion of New York Penal Law § 400.00(6), and refer the Court to New York Penal Law § 400.00(6) for its complete text.

9.      Deny the allegations set forth in paragraph "9" of the Amended Complaint insofar as they allege that Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights, except admit that Meissner and Zeron submitted various firearm applications to the License Division.

10.     Admit the allegations set forth in the first sentence of paragraph "10" of the Amended Complaint.  Deny the allegations set forth in the second sentence of paragraph "10" of the Amended Complaint, except admit that the License Division issued a New York City Rifle and Shotgun Permit to Meissner in October 2022, and further admit that the License Division approved Meissner's application for a Premises Residence Handgun License in March 2023.

11.     Deny the allegations set forth in paragraph "11" of the Amended Complaint, except admit that Zeron reapplied for a Special Carry License on July 7, 2022, and further admit that Zeron was interviewed by the License Division in connection with this application on March 6, 2023, and aver that Zeron previously submitted an application for a Special Carry License on February 19, 2019, and that such application was denied in February 2020 based on, among other things, a lack of good moral character stemming from an arrest for grand larceny, a driver's license suspension, and multiple domestic incidents, and further aver that Zeron challenged the denial of the application in an Article 78 proceeding bearing Index No. 154821/2020, which was denied by Decision and Order on Motion dated May 3, 2021.

12.     Deny the allegations set forth in paragraph "12" of the Amended Complaint, except admit that the License Division issued a New York City Rifle and Shotgun Permit to Meissner, and further admit that the License Division approved Meissner's application for a Premises Residence Handgun License in March 2023.

13.     Deny the allegations set forth in paragraph "13" of the Amended Complaint.

14.     Deny the allegations set forth in paragraph "14" of the Amended Complaint.

15.     Deny the allegations set forth in paragraph "15" of the Amended Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Amended Complaint, except admit that Plaintiffs accurately quote from a portion of the United States Supreme Court's decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111 (2022), and refer this Court to the decision for its full meaning and context.

17.     Deny the allegations set forth in paragraph "17" of the Amended Complaint.

18.     Deny the allegations set forth in paragraph "18" of the Amended Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Amended Complaint.

20.     Defendants neither admit nor deny the allegations set forth in paragraph "20" of the Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

4

21.     Defendants neither admit nor deny the allegations set forth in paragraph "21" of the Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

22.     Neither admit nor deny the allegations set forth in paragraph "22" of the Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required

23.     Deny the allegations set forth in paragraph "23" of the Amended Complaint.

24.     Deny the allegations set forth in paragraph "24" of the Amended Complaint.

25.     Deny the allegations set forth in paragraph "25" of the Amended Complaint, and refer this Court to the United States Supreme Court's decision in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111 (2022), for its full meaning and context.

26.     Deny the allegations set forth in paragraph "26" of the Amended Complaint, except admit that Plaintiffs accurately quote from a portion of James Madison's General Defense of the Constitution, [6 June] 1788, and refer the Court to James Madison's General Defense of the Constitution, [6 June] 1788, for its full meaning and context.

27.     Defendants neither admit nor deny the allegations set forth in the first sentence of paragraph "27" of the Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.  Deny the allegations set forth in the second sentence of paragraph "27" of the Amended Complaint.

28. Deny the allegations set forth in paragraph "28" of the Amended Complaint, and aver that the License Division issued a New York City Rifle and Shotgun Permit to

Meissner, and further aver that the License Division approved Meissner's application for a Premises Residence Handgun License in March 2023.

29.     Deny the allegations set forth in the first sentence of paragraph "29" of the Amended Complaint, except admit that Plaintiffs purport to bring this action as stated therein; and deny the allegations set forth in the second sentence of said paragraph.

30.     Deny the allegations set forth in paragraph "30" of the Amended Complaint, except admit that Plaintiffs purport to bring this action as stated therein.

31.     Deny the allegations set forth in paragraph "31" of the Amended Complaint, except admit that Plaintiffs purport to invoke the jurisdiction of this Court and base venue as set forth therein.

32.     Deny the allegations set forth in paragraph "32" of the Amended Complaint, except admit that Plaintiffs purport to bring this action as stated therein.

33.     Deny the allegations set forth in paragraph "33" of the Amended Complaint, except admit that Plaintiffs purport to define the proposed class as stated therein.

34.     Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Amended Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Amended Complaint, except admit that Plaintiffs purport to bring this action as stated therein.

37.     Deny the allegations set forth in paragraph "37" of the Amended Complaint.

38.     Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Amended Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Amended Complaint.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Amended Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Amended Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Amended Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Amended Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Amended Complaint.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Amended Complaint.

47.     Deny the allegations set forth in paragraph "47" of the Amended Complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York, and the City's Police Department is established by Chapter 18 of the New York City Charter and has the powers and duties set forth therein.

48.      Deny the allegations set forth in paragraph "48" of the Amended Complaint, except admit that New York City Police Department is an agency of the City of New York established by Chapter 18 of the New York City Charter and has the powers and duties set forth therein.

49.      Deny the allegations set forth in paragraph "49" of the Amended Complaint, and refer the Court to Chapter 18 of the New York City Charter for a complete recitation of the powers and duties of the New York City Police Department.

50.      Deny the allegations set forth in paragraph "50" of the Amended Complaint, except admit that pursuant to New York Penal Law § 265.00(10), the Commissioner of the New York City Police Department is the firearm licensing officer for the City of New York.

51.      Deny the allegations set forth in paragraph "51" of the Amended Complaint insofar as they allege that Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

52.      Deny the allegations set forth in paragraph "52" of the Amended Complaint, except admit that Keechant L. Sewell was the Commissioner of the New York City Police Department at the time that this action was filed, and further admit that the Commissioner of the New York City Police Department has the powers and duties set forth in Chapter 18 of the New York City Charter.

53.      Deny the allegations set forth in paragraph "53" of the Amended Complaint, except admit that Nicole Berkovich is the Director of the License Division.

54.     Defendants neither admit nor deny the allegations set forth in paragraph "54" of the Amended Complaint as allegations concerning "color of state law" and "scope of duties" are conclusions of law rather than averments of fact to which no response is required.

55.     Deny the allegations set forth in paragraph "55" of the Amended Complaint, except admit that pursuant to New York Penal Law § 265.00(10), the Commissioner of the New York City Police Department is the firearm licensing officer for the City of New York.

56.     Deny the allegations set forth in paragraph "56" of the Amended Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Amended Complaint, and refer the Court to New York Penal Law § 400.00(4-b) for its complete text.

58.     Deny the allegations set forth in paragraph "58" of the Amended Complaint, and aver that the License Division issued a New York City Rifle and Shotgun Permit to Meissner in October 2022, and further aver that the License Division approved Meissner's application for a Premises Residence Handgun License in March 2023.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Amended Complaint.

60.     Admit the allegations set forth in paragraph "60" of the Amended Complaint.

61.     Deny the allegations set forth in paragraph "61" of the Amended Complaint.

62.     Deny the allegations set forth in paragraph "62" of the Amended Complaint, except admit that the License Division issued a New York City Rifle and Shotgun

Permit to Meissner in October 2022, and aver that the License Division approved Meissner's application for a Premises Residence Handgun License in March 2023.

63. Deny the allegations set forth in paragraph "63" of the Amended Complaint.

64. Deny the allegations set forth in paragraph "64" of the Amended Complaint insofar as they allege that Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Amended Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Amended Complaint.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Amended Complaint.

68. Deny the allegations set forth in paragraph "68" of the Amended Complaint.

69. Deny the allegations set forth in paragraph "69" of the Amended Complaint, except admit that the License Division approved Meissner's application for a Premises Residence Handgun License in March 2023.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Amended Complaint.

71. Deny the allegations set forth in paragraph "71" of the Amended Complaint insofar as they allege that Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

72.     Deny the allegations set forth in paragraph "72" of the Amended Complaint.

73.     Admit the allegations set forth in the first sentence of paragraph "73" of the Amended Complaint. Deny the allegations set forth in the second sentence of paragraph "73" of the Amended Complaint.; Deny the allegations set forth in the third sentence of paragraph "73" of the Amended Complaint insofar as they allege that Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

74.     Deny the allegations set forth in paragraph "74" of the Amended Complaint, except admit that the License Division approved Meissner's application for a Premises Residence Handgun License in March 2023.

75.     Deny the allegations set forth in the first sentence of paragraph "75" of the Amended Complaint, except admit that Zeron reapplied for a Special Carry License on July 7, 2022, and aver that Zeron previously submitted an application for a Special Carry License on February 19, 2019, and that such application was denied on February 2020 based on, among other things, a lack of good moral character stemming from an arrest for grand larceny, a driver's license suspension, and multiple domestic incidents, and further aver that Zeron challenged the denial of the application in an Article 78 proceeding bearing Index No. 154821/2020, which was denied by Decision and Order on Motion dated May 3, 2021.  Admit the allegations set forth in the second sentence of paragraph "75" of the Amended Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Amended Complaint insofar as they allege that Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "77" of the Amended Complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the Amended Complaint.

79.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the Amended Complaint.

80.     Deny the allegations set forth in the first and second sentences of paragraph "80" of the Amended Complaint, except admit that a license to carry a pistol or revolver is not valid within the City of New York unless a special permit granting validity is issued by the Commissioner of the New York City Police Department. Deny the allegations set forth in the third sentence of paragraph "80" of the Complaint.

81.     Deny the allegations set forth in paragraph "81" of the Amended Complaint, and refer the Court to the Concealed Carry Improvement Act for its full text.

82.     Deny the allegations set forth in paragraph "82" of the Amended Complaint.

83.     Deny the allegations set forth in paragraph "83" of the Amended Complaint.

84.     Deny the allegations set forth in paragraph "84" of the Amended Complaint insofar as they allege that Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

85.     Deny the allegations set forth in paragraph "85" of the Amended Complaint insofar as they allege that Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

86.     Deny the allegations set forth in paragraph "86" of the Amended Complaint insofar as they allege that Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

87.     Deny the allegations set forth in paragraph "87" of the Amended Complaint insofar as they allege that Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

88.     Deny the allegations set forth in paragraph "88" of the Amended Complaint.

89.     Deny the allegations set forth in paragraph "89" of the Amended Complaint.

90.     Deny the allegations set forth in paragraph "90" of the Amended Complaint insofar as they allege that Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

91.     Deny the allegations set forth in paragraph "91" of the Amended Complaint.

92.     Deny the allegations set forth in paragraph "92" of the Amended Complaint.

93.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "93" of the Amended Complaint.

94.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Amended Complaint.

95.     Deny the allegations set forth in paragraph "95" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the

allegation that "Plaintiffs Aleman and Silvestro have not carried their firearms into New York City when they come here for fear of being arrested…."

96.     Defendants neither admit nor deny the allegations set forth in paragraph "96" of the Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

97.     Deny the allegations set forth in paragraph "97" of the Amended Complaint.

98.     Deny the allegations set forth in paragraph "98" of the Amended Complaint.

99.     Deny the allegations set forth in paragraph "99" of the Amended Complaint insofar as they allege that Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

100.    Deny the allegations set forth in paragraph "100" of the Amended Complaint insofar as they allege that Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "101" of the Amended Complaint.

102.    Deny the allegations set forth in paragraph "102" of the Amended Complaint.

103.    In response to the allegations set forth in paragraph "103" of the Amended Complaint, Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

104.   Deny the allegations set forth in paragraph "104" of the Amended Complaint, and refer the Court to 42 U.S.C. § 1983 for its complete text.

105.   Admit the allegations set forth in paragraph "105" of the Amended Complaint.

106.   Defendants neither admit nor deny the allegations set forth in paragraph "106" of the Amended Complaint as allegations concerning "color of state law" are conclusions of law rather than averments of fact to which no response is required.

107.   Deny the allegations set forth in paragraph "107" of the Amended Complaint.

108.   Deny the allegations set forth in paragraph "108" of the Amended Complaint.

109.   Deny the allegations set forth in paragraph "109" of the Amended Complaint.

110.   Deny the allegations set forth in paragraph "110" of the Amended Complaint.

111.   Defendants neither admit nor deny the allegations set forth in paragraph "111" of the Amended Complaint as allegations concerning whether the individually named defendants are "policymakers" are conclusions of law rather than averments of fact to which no response is required.

112.   Deny the allegations set forth in paragraph "112" of the Amended Complaint.

113.   Deny the allegations set forth in paragraph "113" of the Amended Complaint.

114.    Deny the allegations set forth in paragraph "114" of the Amended Complaint.

115.    Deny the allegations set forth in paragraph "115" of the Amended Complaint.

116.    Deny the allegations set forth in paragraph "116" of the Amended Complaint.

117.    Deny the allegations set forth in paragraph "117" of the Amended Complaint.

118.    Deny the allegations set forth in paragraph "118" of the Amended Complaint, except admit that Plaintiffs purport to bring this action as stated therein.

119.    In response to the allegations set forth in paragraph "119" of the Amended Complaint, Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

120.    Deny the allegations set forth in paragraph "120" of the Amended Complaint, and refer the Court to 42 U.S.C. § 1983 for its complete text.

121.    Admit the allegations set forth in paragraph "121" of the Amended Complaint.

122.    Defendants neither admit nor deny the allegations set forth in paragraph "122" of the Amended Complaint as allegations concerning "color of state law" are conclusions of law rather than averments of fact to which no response is required.

123.    Deny the allegations set forth in paragraph "123" of the Amended Complaint, except admit that the License Division has not issued a Special Carry License to Zeron, and aver that the License Division issued a New York City Rifle and Shotgun Permit to

Meissner in October 2022, and further aver that the License Division approved Meissner's application for a Premises Residence Handgun License in March 2023.

124.    Deny the allegations set forth in paragraph "124" of the Amended Complaint.

125.    Deny the allegations set forth in paragraph "125" of the Amended Complaint.

126.    Deny the allegations set forth in paragraph "126" of the Amended Complaint.

127.    Deny the allegations set forth in paragraph "127" of the Amended Complaint.

128.    Deny the allegations set forth in paragraph "128" of the Amended Complaint.

129.    Deny the allegations set forth in paragraph "129" of the Amended Complaint.

130.    Deny the allegations set forth in paragraph "130" of the Amended Complaint.

131.    Deny the allegations set forth in paragraph "131" of the Amended Complaint.

132.    Deny the allegations set forth in paragraph "132" of the Amended Complaint.

133.    Deny the allegations set forth in paragraph "133" of the Amended Complaint.

134.    Deny the allegations set forth in paragraph "134" of the Amended Complaint.

135.    Deny the allegations set forth in paragraph "135" of the Amended Complaint.

136.    Deny the allegations set forth in paragraph "136" of the Amended Complaint.

137.    Deny the allegations set forth in paragraph "137" of the Amended Complaint.

138.    Deny the allegations set forth in paragraph "138" of the Amended Complaint.

139.    Deny the allegations set forth in paragraph "139" of the Amended Complaint, except admit that Plaintiffs purport to bring this action as stated therein.

140.    In response to the allegations set forth in paragraph "140" of the Amended Complaint, Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

141.    Defendants neither admit nor deny the allegations set forth in paragraph "141" of the Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

142.    Defendants neither admit nor deny the allegations set forth in paragraph "142" of the Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

143.    Defendants neither admit nor deny the allegations set forth in paragraph "143" of the Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

144.    Deny the allegations set forth in paragraph "144" of the Amended Complaint, except admit that the License Division has not issued a Special Carry License to Zeron, and aver that the License Division issued a New York City Rifle and Shotgun Permit to Meissner in October 2022, and further aver that the License Division approved Meissner's application for a Premises Residence Handgun License in March 2023.

145.    Deny the allegations set forth in paragraph "145" of the Amended Complaint.

146.    Deny the allegations set forth in paragraph "146" of the Amended Complaint.

147.    Deny the allegations set forth in paragraph "147" of the Amended Complaint, except admit that Plaintiffs purport to bring this action as stated therein.

148.    In response to the allegations set forth in paragraph "148" of the Amended Complaint, Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

149.    Defendants neither admit nor deny the allegations set forth in paragraph "149" of the Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

150.    Defendants neither admit nor deny the allegations set forth in paragraph "150" of the Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

151.    Defendants neither admit nor deny the allegations set forth in paragraph "151" of the Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

152.    Deny the allegations set forth in paragraph "152" of the Amended Complaint.

153.    Deny the allegations set forth in paragraph "153" of the Amended Complaint, except admit that the License Division has not issued a Special Carry License to Zeron, and aver that the License Division issued a New York City Rifle and Shotgun Permit to Meissner in October 2022, and further aver that the License Division approved Meissner's application for a Premises Residence Handgun License in March 2023.

154.    Deny the allegations set forth in paragraph "154" of the Amended Complaint.

155.    Deny the allegations set forth in paragraph "155" of the Amended Complaint.

156.    Deny the allegations set forth in paragraph "156" of the Amended Complaint, except admit that Plaintiffs purport to bring this action as stated therein.

157.    In response to the allegations set forth in paragraph "157" of the Amended Complaint, Defendants repeat and reallege all the preceding paragraphs of this Answer, as if fully set forth herein.

158.    Defendants neither admit nor deny the allegations set forth in paragraph "158" of the Amended Complaint as they constitute conclusions of law rather than averments of fact to which no response is required.

159.   Deny the allegations set forth in paragraph "159" of the Amended Complaint insofar as they allege that Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

160.   Deny the allegations set forth in paragraph "160" of the Amended Complaint insofar as they allege that Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

161.   Deny the allegations set forth in paragraph "161" of the Amended Complaint.

162.   Deny the allegations set forth in paragraph "162" of the Amended Complaint insofar as they allege that Defendants acted improperly or contrary to law or violated Plaintiffs' constitutional rights.

163.   Deny the allegations set forth in paragraph "163" of the Amended Complaint.

164.   Deny the allegations set forth in paragraph "164" of the Amended Complaint, except admit that Plaintiffs accurately quoted from Article IV, Section 1 of the United States Constitution, and refer this Court to Article IV, Section 1 of the United States Constitution for its complete text.

165.   Deny the allegations set forth in paragraph "165" of the Amended Complaint, except admit that Plaintiffs accurately quoted from a portion of the United States Supreme Court's decision in V.L. v. E.L., 577 U.S. 404 (2016), and refer this Court to the decision for its full meaning and context.

166.     Deny the allegations set forth in paragraph "166" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff Zeron intends to carry his firearm in New York City…."

167.     Deny the allegations set forth in paragraph "167" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff Aleman intends to carry his firearm in New York City…."

168.     Deny the allegations set forth in paragraph "168" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation that "Plaintiff Silvestro intends to carry his firearm in New York City…."

169.     Deny the allegations set forth in paragraph "169" of the Amended Complaint.

170.     Deny the allegations set forth in paragraph "170" of the Amended Complaint, except admit that Plaintiffs purport to bring this action as stated therein.

171.     Deny the allegations set forth in paragraph "171" of the Amended Complaint, except admit that Plaintiffs purport to bring this action as stated therein.

172.     Denies that Plaintiffs are entitled to the relief set forth in the "Wherefore" Clause.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

173.     The Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

174.     The injuries alleged by Plaintiffs were caused in whole or in part by and arose out of Plaintiffs' own culpable conduct.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

175.    Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

176.    Plaintiffs cannot obtain punitive damages as against the City of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

177.    Any and all actions taken by the individual defendants with respect to Plaintiffs did not violate any clearly established rights or laws of which a reasonable person would have known at the time and under the circumstances that the actions were taken. Consequently, said individually named defendants are immune from liability under the doctrine of qualified immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

178.    At all times relevant to the acts alleged in the Amended Complaint, the duties and functions of Defendant City of New York's officials entailed the reasonable exercise of proper and lawful discretion.   Therefore, Defendant City of New York is entitled to governmental immunity from liability.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

179.    The Court lacks subject-matter jurisdiction over the Fifth Claim on the ground that Plaintiffs lacks standing to maintain this claim against Defendants.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

180.     The Amended Complaint fails to establish that the City of New York caused the alleged deprivation of Plaintiffs' rights as required by Monell v. Department of Social Services, 436 U.S. 658 (1978).

**WHEREFORE,** Defendants request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:     New York, New York
           October 26, 2023

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 356-4036

By: _____

Nicholas R. Ciappetta
Assistant Corporation Counsel