# TILEM & ASSOCIATES, PC

188 East Post Road - 3rd Floor
White Plains, New York 10601
914-833-9785
Fax 914-833-9788
www.tilemlawfirm.com

**Partners**
Peter H. Tilem, Esq.*
**Associates**
Cindy N. Brown, Esq. #
Robert M. Schechter, Esq. ♦
Nicole D. Walker, Esq. #
**Of Counsel**
Jasmine Hernandez, Esq. #

\# Admitted in NY
\* Admitted in NY & CT
♦ Admitted in NY, DC & US Tax Court

January 12, 2024

Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re: **Applicability of *Srour v. New York City*, and *Antonyuk v. Chiumento et al.***

Your Honor,

Due to a calendar mix-up by the Plaintiff, the city should be granted until Wednesday January 17, 2024, to respond. Plaintiff had this calendared for January 12, 2024, and it should have been January 10, 2024. City Defendants have indicated that they are not making this request for an extension. The Court has asked that we each address, two cases, *Srour v. New York City* and *Antonyuk v. Chiumento et al.* These recent decisions show that the Second Amendment is not something the State of New York can ignore any longer.

In *Srour v. New York City,* 22 Civ. 3 (JPC) (S.D.N.Y. Oct. 24, 2023), Plaintiff applied for and was denied a firearms license. The Court found that this denial was an irreparable injury, and that the City would continue to enforce unconstitutional provisions unless equitable relief was granted. *Srour* had been denied for supposed inadequate "good moral character" due to his prior arrests, driving record, and alleged false statements on the applications (per section 3-03 and 5-10 of title 38 of the rules of the city of New York). The Hon. John P. Cronan eviscerated the City of

1

New York in a 48-page decision pointing out that the city cannot burden shift. That if the conduct at issue is covered by the text of the Second Amendment....there is a presumption of constitutionality. In *Srour*, the Court took issue with the *Broad and Unrestrained Discretionary Standard undertaken by the NYPD*. The Court noted that the new standard since *Bruen*, supplanted the older, two step, framework that had been in place prior, *Srour* reiterated that this Two Step Analysis would be One Step too many. Specifically, the court in *Srour* noted, that the City of New York did not seem to appreciate that it is now on the State to meet their burden. The State of New York is required to bring forward evidence that a challenged regulation is consistent with the country's historical tradition of firearm regulation. Specifically the State is required to bring forward first source materials such as statutes, historical analysis, and historical legal precedent to support a government assertion that it is allowed to regulate the conduct at issue. In *Srour* this conduct was carrying a firearm. Here before your honor, it is also about carrying a firearm.

The Court reiterates that the possession of a firearm, is protected conduct. Further the court indicated that "for lawful purposes" is presumed. That means that just like here these individuals wanting to carry firearms, should be allowed, and not delayed any longer. The Court took issue with the City and indicated that the argued theory of the City that the legislature has unreviewable power to manipulate the Second Amendment is not the correct reading of the Second Amendment. Without finding a distinctly similar historical regulation to the at issue provision the Hon. John P. Cronan took great issue with the response of the City. The Court found that reliance on surety laws that restricted the carrying of firearms were not similar, as the city as argued that they are here, is denying licenses rather than restricting the ability of a person who already has an ability to carry a firearm. Since in New York it is a violent felony offense to have a handgun and carry it outside one's home without a license, the improper denial of that license continues to violate the Second Amendment.

This case showed just how important the Court should take any violation of someone's ability to carry a firearm and protect themselves outside of the home. As we saw in this complaint, the city continues to ignore the law and deny law abiding citizens the ability to protect themselves. The city has come up with roadblocks and refuses to process applications in a timely manner. None of this will survive summary judgment.

Recently the Second Circuit Court of Appeals issued several related decisions 22-2908, 22-2973, 22-2933, 22-2987, 22-3237 which will be collectively referred to as *Antonyuk v. Chiumento*

*et al.,* (2d Cir. Dec. 8, 2023), this recent judgment dealt with challenges to New York's Concealed Carry Improvement Act (CCIA). These cases concerned an injunction, many provisions were upheld as constitutional pending the lower court determination. The Court struck down many claims as the applicants had not applied for licenses and argued that Plaintiffs needed to make as-applied challenges to character-based denials, but the provision was not invalid on its face. The Court found that some discretion was acceptable at this injunction stage, finding that lawfully carrying a concealed weapon could be conditioned on obtaining a permit based in part on individualized assessment by a local official. However a licensing official could not require the turning over of social media accounts as the violation of one's First Amendment rights to exercise one's Second Amendment rights had no basis in history. The Court further upheld many restricted locations. Once you were given a license the State could at that point restrict where a firearm could be taken. That is important since in our case these people are not even being given a license. Since it is well known that being given a license is protected conduct. Interestingly, the Second Circuit attempts to create a new standard, one that is at odds with the Supreme Court precedent set in *Bruen*. The Second Circuit took a broad, inclusive view of history not requiring a law directly on point. This decision, even though it allowed the carrying of firearms in private property open to the public, still took liberties with the *Bruen* decision.

  What should happen now is the city should demonstrate that they have a historical basis for these laws and explain the delays since these Plaintiffs clearly have been irreparably harmed and should be compensated for it. The city should turn over the processes and procedures that they have undertaken since the *Bruen* decision to make sure they are complying with the Supreme Court. The City has no answer to why they violated and continue to violate the rights of these People, as well as the class of people just like them. Only the city knows the true numbers to the size of this class. Everyone now knows that the burden of proof falls on the city to show that the NYPD's action is consistent with this Nation's historical tradition of firearm regulation.

Sincerely,

Robert M. Schechter, Esq.