

| | THE CITY OF NEW YORK | |
|---|---|---|
| **Hon. Sylvia O. Hinds-Radix**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Nicholas R. Ciappetta<br>**Administrative Law and Regulatory Litigation Division**<br>**(212) 356-4036**<br>**nciappet@law.nyc.gov** |

January 17, 2024

**BY ECF**
Honorable Naomi Reice Buchwald
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: <u>Stuart Meissner, et al. v. City of New York, et. al</u>.
      23-CV-1907 (NRB)(VF)

Dear Judge Buchwald:

   I am an attorney in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York. I submit this letter on behalf of Defendants City of New York, New York City Police Department ("NYPD"), NYPD License Division ("License Division"), and Nicole Berkovich, Director of the New York City Police Department License Division, to respond to Plaintiffs' status letter dated January 12, 2024, and to suggest a path forward for this litigation.

   Plaintiffs bring this action on behalf of themselves and those similarly situated to assert Second Amendment and other constitutional claims with respect to the length of the License Division's approval process for handgun licenses. Plaintiffs also seek reciprocity in New York City for concealed carry licenses issued outside New York State, as well as counties within New York State. Plaintiffs ask the court to issue a declaratory judgment, appoint a federal monitor to ensure that Defendants adhere to constitutional and statutory requirements, and award compensatory and punitive damages.

   Plaintiffs' status report is largely devoted to a recent decision by Southern District Judge John P. Cronan in *Srour v. New York City*, No. 22-3, 2023 U.S. Dist. LEXIS 190340 (S.D.N.Y. Oct. 24, 2023). Therein, Judge Cronan found that the "good moral character" standard unconstitutionally vested unfettered discretion with NYPD licensing officials. The Court further reasoned that the City failed to identify any "historical analogue for investing

officials with the broad discretion to restrict someone's Second Amendment right based on determining the person to lack good moral character...." Id. at *41-42. Plaintiffs put excessive weight on this single district court case and treat the decision as if it is binding precedent. Nor do Plaintiffs cogently explain the relevancy of *Srour* to their Second Amendment claims. But more importantly, the Second Circuit Court of Appeals' recent decision in *Antonyuk v. Chiumento*, 2023 U.S. App. LEXIS 32492 (2d Cir. Dec. 8, 2023), has effectively overruled *Srour*.

In *Antonyuk*, the Second Circuit rejected a Second Amendment facial challenge to the State's Concealed Carry Improvement Act ("CCIA") "good moral character" requirement and in doing so, held that statutes that grant "limited discretion in applying defined criteria are consistent with our tradition of firearms regulation." Id. at *80. The CCIA's "good moral character" language is nearly identical to the statutes and rules challenged in *Srour*. As such, Antonyuk rejects the core holding of *Srour* and that case is no longer good law.[1]

As mentioned above, Plaintiffs assert a multi-pronged Second Amendment challenge that consists of a putative class action with respect to the License Division's application processing times. Plaintiffs' status report does not offer a litigation plan, but they seemingly want to proceed to full blown class action discovery. This aspect of Plaintiffs' lawsuit could prove fact and labor intensive given the number of license applications at issue. Thus, Defendants suggest that the parties first conduct limited discovery as to the viability of the claims of the individually named Plaintiffs prior to any class action discovery.

Thank you in advance for your consideration of this matter.

Respectfully submitted,

/s/
Nicholas Ciappetta
Senior Counsel

---

[1] While Plaintiffs praise the now superseded *Srour* decision, they criticize *Antonyuk* as attempting to "create a new standard" and taking "liberties with the *Bruen* decision." Plaintiffs are entitled to their opinion, but the fact remains that *Antonyuk* is precedential and *Srour* is not