

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL
DIVISION OF APPEALS & OPINIONS

August 12, 2024

**By ECF**
Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007

Re:    *Meissner v. City of New York*, No. 23-cv-01907 (NRB)

Dear Judge Buchwald:

I write on behalf of Intervenor New York State Attorney General Letitia James, pursuant to this Court's Individual Rule 2(E)(1), to outline the substantive arguments advanced in the Attorney General's accompanying memoranda of law in support of her motion to dismiss. The Attorney General respectfully requests oral argument on this motion.

Each of plaintiffs' constitutional challenges to New York's firearm licensing laws are without merit and should be dismissed. First, under 42 U.S.C. § 1983, plaintiffs contend that the Full Faith and Credit Clause, U.S. Const. art. IV, § 1, requires New York officials to allow them to carry firearms in New York based solely on the fact that plaintiffs have New Jersey licenses. As an initial matter, this Court lacks jurisdiction over plaintiffs' Full Faith and Credit Clause claim because they fail to allege a valid federal cause of action. *See Adar v. Smith*, 639 F.3d 146, 154 (5th Cir. 2011) (en banc). Moreover, plaintiffs' claim is based on a fundamental misunderstanding of the Full Faith and Credit Clause. Decades of precedent make clear that the Clause ensures the recognition of judgments across state lines but leaves States free to maintain their own laws within their borders. *See Franchise Tax Bd. v. Hyatt*, 538 U.S. 488, 494 (2003). That includes State-specific licensing and registration laws, such as firearm licensing laws, which have been consistently upheld in the face of Full Faith and Credit Clause challenges in both federal and state courts.

Second, plaintiffs attempt to challenge New York's firearm licensing laws under the Second Amendment, but the allegations in the operative complaint regarding the

Second Amendment are so threadbare as to merit dismissal on that basis alone. The claims are baseless in any event. As the Supreme Court recognized in *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), the Second Amendment does not prevent States from establishing State-specific firearm licensing regimes. To the contrary. local licensing requirements are part of a well-established historical tradition of firearm regulation.

Finally, plaintiffs' operative complaint does not contain a right-to-travel claim, or any allegations to support such a claim. Instead, plaintiffs raised the issue only in the notice of constitutional question served on the State. *See* Notice of Constitutional Question (March 17, 2023), ECF No. 17. Because the claim does not appear on the face of the complaint, it must be dismissed. *See* Fed. R. Civ. P. 8(a)(2). In any event, contrary to plaintiffs' arguments, nonresidents are permitted to apply for a firearm license in New York and are thus treated no differently than residents under the law.

For all of these reasons, this Court should grant the Attorney General's motion to dismiss the Fifth Claim in plaintiffs' amended complaint, as well as plaintiffs' other claims to the extent they challenge the constitutionality of New York's firearm licensing laws.

Respectfully submitted,

*/s/ Sarah Coco*

Sarah Coco
Assistant Solicitor General
212-416-6312

cc (via ECF): All counsel of record

2