

**T**HE **C**ITY OF **N**EW **Y**ORK

**L**AW **D**EPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**Muriel Goode-Trufant**
*Acting Corporation Counsel*

Jessica Katzen
Tel: (212) 356-1646
e-mail: jkatzen@law.nyc.gov

August 13, 2024

**By ECF**
The Honorable Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: <u>Meissner v. City of New York, et al.</u>, No. 23-cv-01907 (NRB)

Dear Judge Buchwald:

      I am Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, one of the attorneys for Defendants City of New York, the New York City Police Department ("NYPD"), the NYPD License Division ("License Division"), NYPD Commissioner Edward A. Caban, and Director of the License Division Nicole Berkovich (collectively "Defendants") in the above-referenced matter.  Defendants submit this letter, pursuant to Rule 2(E)(1) of Your Honor's Individual Rules, to outline the substantive arguments advanced in Defendants' Motion for a Judgment on the Pleadings, electronically filed on August 12, 2024.

      Plaintiffs' Fifth Cause of Action should be dismissed.  Plaintiffs' argument that the Full Faith and Credit Clause compels New York State (and New York City) to give effect to Plaintiffs Aleman's and Silvestro's New Jersey carry permits, thereby allowing them to carry a firearm in New York State (and New York City), is without merit.  First, Plaintiffs lack a cause of action as the Full Faith and Credit Clause does not create a federal right of action.  The Full Faith and Credit Clause creates an evidentiary standard that requires courts to give res judicata effect to judgments issued by courts of other states.  See <u>Adar v. Smith</u>, 639 F.3d 146, 151 (5th Cir. 2011). The Full Faith and Credit Clause is also applied as a standard in choice-of-law disputes in litigation involving parties or occurrences arising in different states.  See <u>Allstate Ins. Co. v. Hague</u>, 449 U.S. 302, 308 (1981).  It is well established that the Full Faith and Credit Clause does not give rise to an implied federal cause of action, nor does it, on its own, confer federal jurisdiction.  See <u>Minnesota v. Northern Sec. Co.</u>, 194 U.S. 48. 72 (1904).  As such, Plaintiffs lack a cause of action.

Even if Plaintiffs had a right of action arising from the Full Faith and Credit Clause, Plaintiffs' claim would fail. For one, the Full Faith and Credit Clause does not apply to unreviewed agency determinations. See Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 109 (1991). While the Full Faith and Credit Clause requires courts to give res judicata effect to out-of-state judgments, a state issued firearm permit is not a judgment to be afforded full faith and credit. Courts have consistently refused to apply the Full Faith and Credit Clause to require states to waive their own licensing requirements because an individual is licensed in another state. See, e.g., Giannini v. Real, 911 F.2d 354, 360 (9th Cir. 1990). Additionally, a New Jersey carry permit only entitles Plaintiffs Aleman and Silvestro to carry a firearm within the state of New Jersey, not outside of New Jersey or nationwide. As such, the Full Faith and Credit Clause does not apply to firearm permits.

Even if a New Jersey carry permit were a judgment required to receive full faith and credit in New York, the Full Faith and Credit Clause would not require New York State or New York City to grant the license full reciprocity. Courts have consistently held that the Full Faith and Credit Clause does not require states to give effect to or enforce an out-of-state judgment. See Baker v. General Motors Corp., 522 U.S. 222, 232 (1988). As New Jersey cannot exercise police power in New York State and New York City, a New Jersey carry permit cannot be used to interfere with the manner in which New York protects its citizenry. See Rosin v. Monken, 599 F.3d 574, 576–77 (7th Cir. 2009).

Finally, while the Full Faith and Credit Clause also applies to public acts, the Full Faith and Credit Clause does not require New York State or New York City to substitute its firearm licensing scheme for that of another state. See Pac. Emp'rs Ins. Co. v. Indus. Accident Comm'n, 306 U.S. 493, 501 (1985). Such application of the Full Faith and Credit Clause would lead to absurd results, and upend federalism. See Alaska Packers Ass'n v. Indus. Accident Comm'n, 294 U.S. 532, 547 (1935).

Plaintiffs essentially seek to nationalize firearm licenses, allowing an applicant with a firearm license in one state to be allowed to carry in every state in the United States. But this is contrary to the U.S. Supreme Court's reasoning in New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022), which did not require a national or interstate scheme for concealed carry licensing. The scheme that Plaintiffs suggest would remove all discretion from the NYPD Licensing Division, and deny the State and City an important tool in protecting public safety.

Accordingly, Defendants respectfully request a judgment dismissing Plaintiff's Fifth Cause of Action.

Respectfully submitted,

*Jessica Katzen*

Jessica Katzen
Assistant Corporation Counsel

cc (via ECF): All counsel of record