UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
STUART MEISSNER, JONATHAN ZERON, JAMES E.
ALEMAN, JR. and STEVEN J. SILVESTRO and others
similarly situated.

                                                                         2023 CV 01907 (NRB) (VF)

                           Plaintiffs,

                -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, THE NEW YORK CITY
POLICE DEPARTMENT LICENSE DIVISION,
KEECHANT L. SEWELL, POLICE COMMISSIONER
OF THE CITY OF NEW YORK, NICOLE BERKOVICH,
DIRECTOR OF THE NEW YORK CITY POLICE
DEPARTMENT LICENSE DIVISION

                           Defendants.
------------------------------------------------------------------------X

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR A JUDGMENT ON THE PLEADINGS

                                                     MURIEL GOODE-TRUFANT
                                                     Acting Corporation Counsel of the
                                                     City of New York
                                                     Attorney for Defendants
                                                     100 Church Street
                                                     New York, New York 10007
                                                     Tel: (212) 356-1646

Michelle Goldberg-Cahn,
Nicholas Ciappetta,
Jessica Katzen,
      *of Counsel.*

October 30, 2024

Defendants the City of New York ("City"), the New York City Police Department ("NYPD"), the NYPD License Division ("License Division"), the Police Commissioner of the City of New York,[1] and Nicole Berkovich, Director of the License Division (collectively "Defendants"), submit this reply memorandum of law in further support of their motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP") dismissing Plaintiffs' Fifth Cause of Action for failure to state a cause of action.

## ARGUMENT

Plaintiffs' opposition papers fail in any way to diminish the strength of Defendants' argument that Plaintiff's Fifth Cause of Action should be dismissed. In fact, Plaintiff concedes that the Full Faith and Credit Clause has no merit. The opposition instead reads as a list of grievances and appears to improperly add claims that were not pled in the Complaint and are not relevant to Plaintiffs' Full Faith and Credit claim. As Plaintiffs oppose Defendants' motion on the pleadings, rather than cross-move or seek leave to amend the Complaint, Plaintiffs' brand new allegations about the right to travel and the City's new emergency rules should not be considered, and Plaintiffs' Fifth Cause of Action should be dismissed.

### A. Plaintiffs Fail to State a Claim Under the Full Faith and Credit Clause

Plaintiffs do not in any way contest that the Fifth Cause of Action, brought under the Full Faith and Credit Clause, should be dismissed because the Full Faith and Credit Clause does not create a private right of action, and even if it did, it does not require one state (or municipality) to replace its regulatory schemes with those of another. As such, Plaintiffs do not

---

[1] Plaintiff named then-NYPD Commissioner Keechant L. Sewell in her official capacity as Police Commissioner. Edward A. Caban replaced Keechant L. Sewell as Commissioner of the NYPD on July 17, 2023. The current Acting Police Commissioner is Thomas G. Donlon, appointed on September 13, 2024. Pursuant to FRCP 25(d), the successor of a public officer if automatically substituted as a party when the originally named public officer "ceases to hold office while the action is pending."

1

refute that the Full Faith and Credit Clause cannot be used to require New York State or New York City to allow individuals licensed in another state to carry firearms within New York State or New York City without first obtaining the requisite licenses in New York State and/or New York City. Indeed, "Plaintiffs concede to the motion to dismiss the Full Faith and Credit claim." Plaintiffs' Opposition to NYC & AG Motions ("Pl. Opp.") at 6. As such, Plaintiffs' Fifth Cause of Action should be dismissed.

## B. Plaintiffs Do Plead a Cause of Action for Violation of Right to Travel

While not clearly pled, for the first time in their opposition, Plaintiffs seem to invoke a right to travel argument, claiming that "[t]his travel issue is crucial evidence of the manipulative practices of the NYPD Licensing Division and the City of New York contorting vague and illegal laws in aid of their efforts to deny firearm licenses without judicial review." Pl. Opp. at 4. To the extent that Plaintiffs allege that the City's firearm laws violate Plaintiffs' right to travel, such claim was not plead in the Complaint, and cannot be raised for the first time in an opposition to a motion. See Avillan v. Donahoe, 483 Fed.Appx. 637, 639 (2d Cir. 2012) ("The district court did not err in disregarding allegations . . . raised for the first time in response to . . . summary judgment motion."); Fadem v. Ford Motor Co., 352 F.Supp.2d 501, 516 (S.D.N.Y. 2005) ("It is long standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs."); Farrell v. City of New York, 1:23-cv-04329, 2024 Dist. LEXIS 146937, *18–*19 (S.D.N.Y. Aug. 16, 2024) (Allegations raised in opposition to motion "were not included in Plaintiff's complaint and are therefore not properly before the Court."). While Plaintiffs now seem to argue that it is improper that "a citizen cannot legally drive through New York City with their firearm" without first obtaining a New York City firearm license, id. at 3, the Complaint never alleged that Plaintiffs Aleman or Silvestro seek to drive through the City

2

with a firearm in their vehicle. As Plaintiffs' Fifth Cause of Action was clearly asserted under the Full Faith and Credit Clause, and not under the constitutional right to travel, Plaintiffs' arguments regarding right to travel do not in any way refute Defendants' position that the Fifth Cause of Action must be dismissed.[2]

### C. New York City's New Emergency Rules are Not Challenged Herein

In their opposition, Plaintiffs seek to improperly challenge a recent emergency amendment to the Rules of the City of New York ("RCNY"), which permits persons residing outside of New York State and not principally employed within New York City to apply for a license to carry a handgun within New York City. See 38 RCNY § 5-03(b[3]). Plaintiffs seem to argue that these amended rules will not redress their concerns about the ability of non-New York residents to carry firearms within New York City, because "NYPD and NYC officials have created policies to aid them in denying these licenses." Pl. Opp. at 8. Plaintiffs' grievances with the amended rule should not be considered with regards to this motion for judgment on the pleadings, because the City's emergency rules are not challenged herein. Nonetheless, any allegations about

---

[2] Even if Plaintiffs pled a right to travel claim, Plaintiffs would fail to state a claim under the Privileges and Immunities Clause. New York City's firearm regulations do not violate the right to travel because "travelers do not have the constitutional right to the most convenient form of travel, and minor restrictions on travel simply do not amount to the denial of a fundamental right." Town of Southhold v. Town of East Hampton, 477 F.3d 38, 53 (2d Cir. 2007). Further, the Privileges and Immunities Clause "'does not preclude disparity of treatment [of citizens of other States] in the many situations where there are perfectly valid independent reasons for it.'" Bach v. Pataki, 289 F.Supp.2d 217, 227 (N.D.N.Y. 2003) (quoting Toomer v. Witsell, 334 U.S. 385, 396 (1948)). New York City's firearm laws do not restrict citizens of other States from travelling through the City—it merely requires them to obtain a New York City firearm license if they seek to possess a firearm in the City. Additionally, New York City has valid independent reasons for their firearm licensing laws, including to safeguard residents and visitors from crime resulting from improper use of firearms. As such, Plaintiffs fail to plausibly allege that New York City's firearm laws violate Plaintiffs' right to travel. See Torraco v. Port. Auth., 615 F.3d 129, 140–41 (2d Cir. 2010).

[3] The emergency rule expired on October 11, 2024. A new emergency rule was published in *The City Record* on October 23, 2024, and is effective for sixty days. The new emergency rule is publicly available at https://a856-cityrecord.nyc.gov/RequestDetail/20241021014 (last accessed October 23, 2024). This new emergency rule is retroactive and applies to any application submitted between October 11, 2024 and October 23, 2024. A permanent rule containing the language of the emergency rules was published in *The City Record* on October 25, 2024. The proposed permanent rule is available at https://a856-cityrecord.nyc.gov/RequestDetail/20241023005 (last accessed October 25, 2024).

the License Division's processing of non-resident firearm applications are speculative and unripe since Plaintiffs' opposition does not allege that Plaintiffs Aleman or Silvestro have applied for a firearm license in New York City pursuant to 38 RCNY § 5-03.

### D. Plaintiffs' Additional Grievances are Not Relevant to the Instant Motion for Judgment on the Pleadings

Finally, all of the other grievances raised in Plaintiffs' opposition are irrelevant to the instant motion. Plaintiffs restate their argument that the City is taking longer than six months to grant or deny firearm licensed, see Pl. Opp. at 2, but Plaintiffs' claim about the timeliness of the City's licensing determinations is not part of Defendants' motion for judgment on the pleadings. Additionally, to the extent that Plaintiffs may challenge the City's "good moral character" standard, see id. at 3, 8–9, Plaintiffs' arguments should not be considered. Plaintiffs' Complaint neither states a claim about the "good moral character" standard, nor does it contain any allegations that any of the Plaintiffs were denied a firearm license under the "good moral character" standard. Finally, Plaintiffs' threadbare and vague allegations regarding the Second Amendment merit dismissal of any purported Second Amendment claim. Accordingly, Plaintiffs' opposition contains no arguments disputing that they fail to state a claim under the Full Faith and Credit Clause.

## CONCLUSION

For the reasons set forth above, Plaintiff's Fifth Cause of Action should be dismissed.

Dated:  New York, New York
        October 30, 2024

                                                    MURIEL GOODE-TRUFANT
                                                    Acting Corporation Counsel of the
                                                    City of New York
                                                    Attorney for Defendants
                                                    100 Church Street
                                                    New York, New York 10007
                                                    (212) 356-1646

                                                    */s/ Jessica Katzen*
                                                    Jessica Katzen
                                                    Assistant Corporation Counsel