UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STUART MEISSNER, JONATHAN ZEVRON, JAMES E. ALEMAN, JR., and STEVEN J. SILVESTRO, individually and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT LICENSE DIVISION, KEECHANT L. SEWELL, Police Commissioner of the City of New York, NICOLE BERKOVICH, Director of the New York City Police Department License Division,<br><br>*Defendants*,<br><br>LETITIA JAMES, Attorney General of the State of New York,<br><br>*Intervenor*. | No. 2023-cv-01907<br><br>**ORAL ARGUMENT REQUESTED** |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

BARBARA D. UNDERWOOD
  *Solicitor General*
ESTER MURDUKHAYEVA
  *Deputy Solicitor General*
SARAH COCO
  *Assistant Solicitor General*
    *of Counsel*

LETITIA JAMES
  *Attorney General*
  *State of New York*
Attorney for
28 Liberty Street
New York, NY 10005
(212) 416-6312

Dated: October 31, 2024

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT .................................................................................................................. 2

    PLAINTIFFS' CONSTITUTIONAL CHALLENGES TO NEW YORK'S FIREARM
    LICENSING LAWS SHOULD BE DISMISSED .................................................... 2

        A.    Plaintiffs Concede That Their Full Faith and Credit Clause Claim
             Is Meritless. ............................................................................................... 2

        B.    Plaintiffs' Second Amendment Claim Should Be Dismissed. .................... 3

        C.    Plaintiffs' Purported Right-to-Travel Claim Should Be Dismissed. .......... 5

CONCLUSION ............................................................................................................... 6

## PRELIMINARY STATEMENT

This Court should dismiss plaintiffs' constitutional challenges to New York's firearm licensing laws. First, plaintiffs now concede that their claim under the Full Faith and Credit Clause, U.S. Const. art. IV, § 1, should be dismissed.

Second, as the Attorney General explained in her opening brief, the allegations in the operative complaint regarding plaintiffs' Second Amendment and right-to-travel claims are so threadbare as to merit dismissal on that basis alone. Plaintiffs now argue for the first time in their opposition brief that the good-moral-character requirement of New York's firearm licensing law, Penal Law § 400.00(1)(b), is inconsistent with the Second Amendment, but plaintiffs did not allege that claim in their complaint and they lack standing to pursue such a claim. In any event, the Second Circuit has upheld the facial constitutionality of the good-moral-character requirement. Plaintiffs purported right-to-travel claim also fails because, contrary to plaintiffs' arguments, nonresidents are permitted to apply for a firearm license in New York and are thus treated no differently from residents under the law.[1]

---

[1] Much of plaintiffs' opposition is focused on the City's alleged firearm licensing policies and practices. As noted in the Attorney General's opening brief, the Attorney General takes no position on plaintiffs' challenges to the City's policies or practices to the extent those challenges do not involve the constitutionality of the underlying state statutes. See OAG Br. at 4 n.2 (Aug. 12, 2024), ECF No. 49.

# ARGUMENT

### PLAINTIFFS' CONSTITUTIONAL CHALLENGES TO NEW YORK'S FIREARM LICENSING LAWS SHOULD BE DISMISSED

#### A. Plaintiffs Concede That Their Full Faith and Credit Clause Claim Is Meritless.

Plaintiffs concede that their Full Faith and Credit Clause claim is legally meritless. Pls.' Opp'n at 6 (Oct. 3, 2024), ECF No. 54. While the Court generally has an obligation to review the record and assess the merits of a claim even where a motion to dismiss is unopposed, *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000), that rule should not be applied here because plaintiffs expressly concede that their claim lacks merit, *see, e.g.*, *Colbert v. Rio Tinto PLC*, No. 17-cv-8169, 2019 WL 10960490, at *4 (S.D.N.Y. July 29, 2019).

In any event, as the Attorney General's opening brief demonstrated (OAG Br. at 5-6), this Court lacks jurisdiction over plaintiffs' Full Faith and Credit Clause claim because the Clause does not provide a federal cause of action, *see Thompson v. Thompson*, 484 U.S. 174, 182 (1988), and does not provide a right vindicable in a 42 U.S.C. § 1983 action, *see Adar v. Smith*, 639 F.3d 146, 154 (5th Cir. 2011) (en banc). Plaintiffs' claim also fails on the merits because the Full Faith and Credit Clause does not require New York's firearm licensing laws to give way to another State's licensing laws. See OAG Br. at 6-11. Indeed, state-specific licensing and registration laws, such as firearm licensing laws, have been consistently upheld in the face of Full Faith and Credit Clause challenges. *See, e.g.*, *Hamilton v. Pallozzi*, 848 F.3d 614, 628 & n.15 (4th Cir. 2017).

### B. Plaintiffs' Second Amendment Claim Should Be Dismissed.

Plaintiffs' Second Amendment challenge to New York's firearm licensing laws should be dismissed. As the Attorney General's opening brief explained (OAG Br. at 12), the operative complaint addressed the Second Amendment only in passing and did not adequately allege a claim that New York's firearm licensing laws are inconsistent with the Second Amendment.[2]

In any event, plaintiffs' Second Amendment claim fails on the merits. Contrary to plaintiffs' arguments (Pls.' Opp'n at 3-4), plaintiffs are not entitled to carry firearms in New York without complying with New York's firearm licensing requirements. As the Attorney General's opening brief explained (OAG Br. at 12-15), and as plaintiffs appear to concede (Pls.' Opp'n at 7-8), the Second Amendment does not prevent New York from imposing its own firearm licensing regime with eligibility requirements distinct from those required in other States. *See New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1, 38 n.9 (2022); *Antonyuk v. James*, No. 22-2908, 2023 WL 11963034, at *25 (2d Cir. Oct. 24, 2024).[3] To the contrary, there is

---

[2] Plaintiffs' opposition brief includes an argument that Penal Law § 400.00(6), which requires individuals to obtain a New York City–specific permit to carry firearms in the City, is inconsistent with the Second Amendment. *See* Pls.' Opp'n at 3-4. But plaintiffs agreed to stay adjudication of their Second Amendment challenge to Penal Law § 400.00(6) pending the Second Circuit's decision in *Frey v. Bruen*, No. 23-365 (2d Cir., argued Jan. 30, 2024). See OAG Br. at 4 n.1; Letter (May 6, 2024), ECF No. 39. Because that claim has been stayed, the Attorney General has not sought dismissal in this motion.

[3] The Second Circuit's original decision in *Antonyuk* was vacated by the U.S. Supreme Court and remanded for further consideration following *United States v. Rahimi*, 144 S. Ct. 1889 (2024). See OAG Br. at 13 n.6. On October 24, 2024, the Second Circuit issued a revised decision reaffirming its prior holdings.

3

ample historical evidence supporting local requirements for a license to carry. For example, in the nineteenth century, jurisdictions in at least seventeen States had regulations requiring a local license to carry a firearm. See OAG Br. at 14.

Plaintiffs now argue for the first time in their opposition brief that the good-moral-character requirement of New York's licensing law, Penal Law § 400.00(1)(b), which requires applicants to have "the essential character, temperament and judgement necessary to be entrusted with a weapon and to use it only in a manner that does not endanger oneself or others," is also inconsistent with the Second Amendment. *See* Pls.' Opp'n at 3, 8-9. However, plaintiffs did not allege a facial or as-applied challenge to the good-moral-character requirement in their complaint. It is well established that plaintiffs cannot amend their complaint through statements in a brief submitted in opposition to a motion to dismiss. *See, e.g.*, *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998); *K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013).

Moreover, plaintiffs lack standing to challenge the good-moral-character requirement because they have not been injured by that provision. Plaintiffs Stuart Meissner and Jonathan Zeron already have New York firearm licenses. *See* Pls.' Opp'n at 1. Plaintiffs James Aleman and Steven Silvestro admit that they have not applied for a New York license and do not allege that they have been deterred from applying by the good-moral-character requirement. *See id.* at 4. Plaintiffs therefore cannot allege an injury stemming from the requirement. *See Antonyuk*, 2023 WL 11963034, at *21.

In any event, plaintiffs' purported claim fails on the merits because the Second Circuit has already held that the requirement is consistent with the Second Amendment to the extent it serves as "a proxy for dangerousness," *id.* at *24, based on "widespread agreement" that "restrictions forbidding dangerous individuals from carrying guns comport with 'this Nation's historical tradition of firearm regulation,'" *id.* at *25 (quoting *Bruen*, 597 U.S. at 17).

C.  **Plaintiffs' Purported Right-to-Travel Claim Should Be Dismissed.**

As the Attorney General's opening brief explained, plaintiffs' purported right-to-travel claim should be dismissed because plaintiffs' operative complaint does not contain a right-to-travel claim, or any allegations to support such a claim, which is raised only in plaintiffs' notice of constitutional question to the Attorney General. See OAG Br. at 15. Plaintiffs offer no response. For example, plaintiffs do not identify the Privileges and Immunities Clause or any other constitutional source for their purported claim. Nor do they identify any allegations in the complaint supporting a right-to-travel claim. That alone is sufficient to merit dismissal.

To the extent the complaint could plausibly be read to contain a right-to-travel claim, the claim should be dismissed on the merits. As the Attorney General's opening brief demonstrated, New York law does not prohibit nonresidents from applying for a firearm license. See OAG Br. at 16-18. To the contrary, nonresidents are subject to the same eligibility criteria as residents, such as undergoing firearm safety training, meeting in person with a licensing officer, and submitting statutorily specified

5

information. *See* Penal Law § 400.00(1). There is no bar to nonresidents satisfying these eligibility criteria.

## CONCLUSION

For the foregoing reasons, this Court should grant the Attorney General's motion to dismiss the Fifth Claim in plaintiffs' amended complaint, as well as plaintiffs' other claims to the extent they challenge the constitutionality of New York's firearm licensing laws.

Dated:    New York, New York
          October 31, 2024

                                        Respectfully submitted,

                                        LETITIA JAMES
                                          *Attorney General*
                                          *State of New York*


                                    By:  /s/ Sarah Coco
                                         SARAH COCO
                                         Assistant Solicitor General

                                         28 Liberty Street
                                         New York, NY 10005
                                         (212) 416-6312

BARBARA D. UNDERWOOD
  *Solicitor General*
ESTER MURDUKHAYEVA
  *Deputy Solicitor General*
SARAH COCO
  *Assistant Solicitor General*
      *of Counsel*

6