UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
STUART MEISSNER, JONATHAN ZERON, JAMES E.
ALEMAN, JR. and STEVEN J. SILVESTRO and others
similarly situated.

                                                           2023 CV 01907 (NRB) (VF)

                    Plaintiffs,

               -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT, THE NEW YORK CITY
POLICE DEPARTMENT LICENSE DIVISION,
KEECHANT L. SEWELL, POLICE COMMISSIONER
OF THE CITY OF NEW YORK, NICOLE BERKOVICH,
DIRECTOR OF THE NEW YORK CITY POLICE
DEPARTMENT LICENSE DIVISION

                    Defendants.
------------------------------------------------------------------------X

        **WHEREAS**, Plaintiffs commenced the instant putative class action by Complaint dated March 6, 2023; and

        **WHEREAS**, Defendants filed an Answer to the Complaint on June 13, 2023; and

        **WHEREAS**, Plaintiffs filed a First Amended Complaint on October 16, 2023; and

        **WHEREAS**, Defendants filed their Answer to the First Amended Complaint on October 27, 2023; and

        **WHEREAS**, on August 12, 2024, Defendants filed a motion for judgment on the pleadings regarding Plaintiffs' Fifth Cause of Action for failure to state a cause of action under the Full Faith and Credit Clause; and

        **WHEREAS**, on August 12, 2024, Letitia James, Attorney General of the State of New York, filed, as an intervenor, a motion to dismiss Plaintiffs' constitutional challenges to New York's firearm licenses laws; and

**WHEREAS**, on May 16, 2024, the Court endorsed the State and City's request to stay Plaintiffs' challenges to New York Penal Law § 400.00(6), which requires individuals who want to carry firearms in the City to obtain a license issued by the City, or a special permit if the individual has already obtained a license elsewhere, until the Second Circuit Court of Appeals rendered a decision in *Frey v. Nigrelli*, No. 23-365 (2d Cir., argued Jan. 30, 2024). *See* Docket Nos. 40–41; and

**WHEREAS**, the Second Circuit Court of Appeals issued a decision in *Frey v. Nigrelli* on September 19, 2025, finding that N.Y. Penal Law § 400.0(6) falls within the nation's historical tradition of gun regulations and therefore, does not violate the Second Amendment.

**WHEREAS**, by Memorandum and Order dated March 5, 2025, this Court granted the motions filed by Defendants and State intervenor and dismissed the following claims: Plaintiffs' full faith and credit claim, Plaintiffs' Second Amendment claim to the extent it challenges New York State's firearm licensing regime, and Plaintiffs' unpled right to travel claim; and

**WHEREAS**, Jessica Tisch was appointed as the Police Commissioner of the New York City Police Department ("NYPD") in November 2024; and

**WHEREAS**, Plaintiffs and Defendants now wish to amend the pleadings and set forth a discovery schedule and briefing schedule to determine liability on the remaining claims.

**NOW, THEREFORE IT IS HEREBY STIPULATED, CONSENTED TO, AND AGREED**, by and between the undersigned counsel for the Parties, as follows:

1. Stuart Meissner is removed as a plaintiff in the instant action.

2. The caption of the Amended Complaint shall be amended to remove Stuart Meissner as a plaintiff.

3. Nicole Berkovich is removed as a defendant in the instant action.

4. The caption of the Amended Complaint shall be amended to remove Nicole Berkovich as a defendant.

5. The caption of the Amended Complaint shall be amended to replace Keechant L. Sewell with Jessica Tisch as Police Commissioner of the City of New York.

6. All claims challenging N.Y. Penal Law § 400.00(6) will be withdrawn with prejudice at the time of the filing of Plaintiffs' motion for summary judgment unless the decision by the Second Circuit in *Frey v. Nigrelli*, No. 23-365 (2d Cir. Sept. 19, 2025) is overturned.

7. All claims relating to the process for registering firearms to a new or existing license/permit with the NYPD License Division are hereby withdrawn with prejudice.

8. The Parties shall engage in limited fact discovery relating to the remaining claims and/or remaining named Plaintiffs. Plaintiff's counsel agrees to help facilitate any discovery related to Stuart Meissner. Such discovery shall be completed by February 5, 2025.

9. Plaintiffs shall execute and serve Defendants with a Designation of Agent for Access to Sealed Records Pursuant to NYCPL 160.50(1)(d) for the remaining named Plaintiffs within one week of the execution of this Stipulation.

10. Plaintiffs shall respond to Defendants' First Set of Interrogatories and Requests for the Production of Documents, dated June 27, 2024, within 30 days of the execution of this Stipulation.

11. Defendants may file an amended answer to the First Amended Complaint within 30 days of the execution of this Stipulation.

12. Plaintiffs shall file any motion for summary judgment by March 5, 2026.

13. Defendants shall file any opposition and/or cross motion by April 5, 2026.

14. Plaintiffs shall file any opposition and/or reply by April 26, 2026.

15. Defendants shall file any reply by May 19, 2026.

16. The parties stipulate and agree that in the interest of judicial economy and conservation of resources that the issue of liability will be litigated prior to the Plaintiff making application to certify the proposed class but that Plaintiffs are not waiving any rights thereby and that Defendants will not object to class certification on the basis of any delay in seeking class certification or based upon the summary judgment motion being filed prior to class Certification.

17. Intervenor Letitia James remains in the case for the sole purpose of defending the facial constitutionality of any New York State law at issue. The Attorney General does not intent to take an active role in discovery, and signing this stipulation is not a concession that any discovery into New York State or its agencies is appropriate.

18. This Stipulation may be executed by way of facsimile, scanned, electronic or conformed signatures, each of which shall be deemed to be an original, and/or in counterparts, each of which shall be deemed to be an original and all of which, collectively, shall be deemed to be one and the same instrument.

Dated:     New York, New York
           October 6, 2025

TILEM & ASSOCIATES, P.C.
Attorneys for Plaintiffs
188 East Post Road
White Plains, New York 10601
(914) 833-9785

_____
Peter H. Tilem, Esq.

MURIEL GOODE-TRUFANT
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, 5th Floor
New York, New York 10007
(212) 356-1646

_____
Jessica Katzen
Assistant Corporation Counsel

LETITIA JAMES
New York State Attorney General
Attorneys for Intervenor
28 Liberty Street, 18th Floor
New York, NY 10005
(212) 416-6556

_____
James Thompson
Special Counsel for Second
Amendment Litigation

Dated: New York, New York
October 6, 2025

TILEM & ASSOCIATES, P.C.
Attorneys for Plaintiffs
188 East Post Road
White Plains, New York 10601
(914) 833-9785

_____
Peter H. Tilem, Esq.

MURIEL GOODE-TRUFANT
Corporation Counsel of the
City of New York
Attorney for Defendants
100 Church Street, 5th Floor
New York, New York 10007
(212) 356-1646

*Jessica Katzen*
Jessica Katzen
Assistant Corporation Counsel

LETITIA JAMES
New York State Attorney General
Attorneys for Intervenor
28 Liberty Street, 18th Floor
New York, NY 10005
(212) 416-6556

_____
James Thompson
Special Counsel for Second
Amendment Litigation