THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**JESSICA KATZEN**
Assistant Corporation Counsel
jkatzen@law.nyc.gov
Phone: (212) 356-1646

October 19, 2026

**VIA ECF**
Honorable Naomi Reice Buchwald
United States Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Zeron, et al. v. City of New York, et al.*, 23 CV 1907 (NRB)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, one of the attorneys for Defendants City of New York, the New York City Police Department ("NYPD"), and Jessica Tisch as NYPD Commissioner in the above-referenced action. I write to oppose Plaintiffs' request to reopen discovery in order to take a deposition of a member of the NYPD License Division (ECF No. 73) pursuant to Federal Rule of Civil Procedure 30(b)(6) and to respectfully request that this Court set a new schedule for briefing motions for summary judgment.

Defendants oppose Plaintiffs' request to reopen discovery to take a deposition because Plaintiffs have not set forth any explanation for the delay. Plaintiffs' counsel first mentioned by email that Plaintiffs would like to depose someone from the NYPD License Division on July 29, 2026, even though all depositions were supposed to be completed by August 1, 2026. *See* ECF No. 66. Plaintiffs also did not notice a deposition or specify whether it would be a deposition pursuant to FRCP 30(b)(6) at that time. Defendants responded that Plaintiffs had not complied with Rule 30(b)(6) as they did not notice the deposition or set forth a description with reasonable particularity of the matters for examination, and that given the impending deadline, there was not time in the current schedule for a Rule 30(b)(6) deposition to occur. Plaintiffs then consented to extending the deadline for Plaintiff Zeron's deposition until August 14, 2026 because the originally scheduled deposition was postponed at the request of Plaintiff Zeron, but Plaintiffs

did not request additional time to complete a Rule 30(b)(6) deposition of a member of the NYPD License Division.

On August 10, 2026, Plaintiffs finally served a notice of deposition for Commissioner Jessica Tisch and notice of deposition for a member of the NYPD License Division with a list of 26 topics, seeking to schedule both depositions for just four days later. Defendants responded on August 13, 2026, and made clear that Plaintiffs must seek court permission to take the depositions.[1] Defendants also set forth a list of objections to the stated topics, including that certain topics were irrelevant or an improper and belated attempt to request document production. Defendants also served post-deposition document requests on August 19, 2026, based on documents identified by Plaintiff Zeron at his deposition, which Plaintiffs have not responded to.

Discovery in this matter then closed on August 30, 2026, and Plaintiffs' deadline to file a motion for summary judgment was September 30, 2026. *See* ECF No. 66. Plaintiffs did not provide Defendants with an updated list of topics for the deposition until October 14, 2026. Defendants responded that they still had some objections to the topics, but because we were well past the time in which it was permissible to take the deposition, we do not think it is a good use of time to confer about the topics.

Plaintiffs have not provided good cause for reopening discovery nearly two months after its close. As this case challenges the NYPD License Division's timeframe for processing firearm applications, Plaintiffs should have known from the start of discovery whether they wanted to depose someone at the NYPD License Division. Plaintiffs provide no reason for why they did not notice the deposition sooner, or request an extension of discovery before it closed. Plaintiffs have also provided no date certain when they will respond to the outstanding discovery demands and have provided no explanation for the delay. Plaintiffs' belated Rule 30(b)(6) notice, failure to produce the requested documents, and disregard of the summary judgment motion schedule is prejudicial to Defendants. Specifically, Defendants require the requested documents in order to move for summary judgment, and Plaintiffs' delayed discovery requests and failure to move for summary judgment on the Court-ordered briefing schedule has created uncertainty in how to proceed in this matter.

For the reasons set forth above, Defendants respectfully request that this Court deny Plaintiffs' request to reopen discovery to take a deposition, direct Plaintiffs to respond to Defendants' August 19, 2026 discovery demands by November 2, 2026, and adopt the below proposed briefing schedule for summary judgment motions:

- Plaintiffs' motion for summary judgment: December 7, 2026
- Defendants' opposition and cross-motion: January 11, 2027
- Plaintiffs' reply and opposition to cross-motion: February 8, 2026
- Defendants' reply: March 1, 2027

---

[1] Defendants oppose any deposition of Commissioner Tisch, as Plaintiffs have not met the standard to depose such a high-ranking government official. It does not appear that Plaintiffs are still pursuing that deposition.

In the event that this Court deems Plaintiffs to have waived their ability to move for summary judgment, Defendants propose the below briefing schedule:

- Defendants' motion for summary judgment: December 7, 2026
- Plaintiffs' opposition: December 30, 2026
- Defendants' reply: January 21, 2027

Respectfully submitted,

/s/ *Jessica Katzen*
Jessica Katzen
Assistant Corporation Counsel

To: **VIA ECF**
Tilem & Associates, P.C.
*Attorney for Plaintiff*

New York State Attorney General's Office
*Attorneys for Intervenor*